UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOSEPH ALEX, I, | : | CIVIL NO: 1:15-CV-00754 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| KIMBERLY A. BARKLEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

**I.   Introduction.**

The plaintiff, Anthony Joseph Alex, I ("Alex"), a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 lawsuit by filing a complaint, alleging that the defendants violated his First and Fourteenth Amendment rights. *Doc. 1*. The defendants filed a motion to dismiss. *Docs. 37*. For the reasons that follow, we recommend that the motion to dismiss be granted.

**II.   Factual Background and Procedural History.**

Alex filed a complaint on April 17, 2015, alleging that Kimberly Barkley and eight unnamed defendants violated his First and Fourteenth Amendment rights by rescinding his parole and denying his reparole in retaliation for his filing of a lawsuit against a Department of Corrections staff member. *Doc. 1*. All the defendants, Alex alleges, were board members of the Pennsylvania Board of

Probation and Parole. *Id.* On June 8, 2015, Alex identified the unnamed defendants, and he sought to add additional defendants to the lawsuit, who, according to Alex, were ex-board members when the alleged retaliation started. *Doc. 12*. The court, on June 19, 2015, ordered that the complaint be amended to include the following individuals as defendants in the place of the previously unnamed defendants: Michael C. Potteiger, Michael Green, Jeffery Imboden, Craig R. McKay, John R. Tuttle, Edward Burke, Leslie Grey, Randy Feathers, James C. Fox, and Judith Viglione. *Doc. 17*.

    Alex alleges that the defendants granted him parole in December 2012. *Doc. 1* at 6. On March 13, 2013, according to Alex, they rescinded his parole without giving him a hearing in retaliation for his filing of a lawsuit against a Department of Corrections staff member. *Id.* at 3, 6, 7. Alex, in addition, alleges that the defendants continuously retaliated against him by "using any excuse to den[y] [him] reparole," respectively, on September 27, 2013 and March 20, 2015. *Id.* at 6, 7. According to Alex, he had completed all his programs and done everything the defendants requested. *Id.* at 7. Alex alleges that during two different interviews, the defendants asked him questions about his lawsuit and its status, and after each time, he was denied reparole. *Id.* at 3. According to Alex, the defendants, before granting him parole in December 2012, had used the same

excuses in denying him parole two different times, respectively, on September 23, 2010 and February 2, 2012. *Id.* at 7, 8.

In his request for relief, Alex asks the court to order the Parole Board to "put in place a policy to stop the Parole Board from retaliating against inmates." *Id.* at 3. He further seeks $50,000 dollars from each defendant for retaliating against him for exercising his First Amendment rights and $50,000 dollars from each defendant for violating his Fourteenth Amendment rights. *Id.*

On August 7, 2015, the defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) raising, among other things, the defense of absolute immunity. *Doc. 38* at 4. For the reasons set forth below, we recommend that the motion be granted.

### III. Discussion.

**A. Motion to Dismiss and Pleading Standards.**

In accordance with Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In making that determination, we "consider only the complaint, exhibits attached to

3

the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). With respect to the benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels,

4

conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler,* 578 F.3d at 211. "A complaint has to "show" such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed

right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Defendants Are Entitled to Immunity From Alex's Claims.

Alex commenced this § 1983 lawsuit, alleging that the defendants retaliated against him in violation of his First and Fourteenth Amendment rights. 42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F.Supp.2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002)). Thus, to establish a claim under § 1983, a plaintiff must show that (1) the conduct complained of was committed by persons acting under the color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Although the federal civil rights statutes, including 42 U.S.C. § 1983, do not expressly provide for any immunities, the Supreme Court has held that they are not intended to abrogate immunities existing at common law. *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). *See also Yarris v. County of Delaware,* 465 F.3d 129, 134-35 (3d Cir. 2006) (quoting *Pierson v. Ray,* 386 U.S. 547, 554 (1967)). Two kinds of immunity exist under § 1983: qualified immunity and absolute immunity. *Id.* at 135. Although most public officials are entitled only to qualified immunity, public officials who perform "special functions" are entitled to absolute immunity. *Id.* (quoting *Butz v. Economou,* 438 U.S. 478, 508 (1978)). "[A]bsolute immunity attaches to those who perform functions integral to the judicial process." *Williams v. Consovoy,* 453 F.3d 173, 178 (3d Cir. 2006). "This immunity was and still is considered necessary 'to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation.'" *McArdle v. Tronetti,* 961 F.2d 1083, 1084 (3d Cir. 1992) (quoting *Butz,* 438 U.S. at 512).

Government officials whose role in administrative or quasi-judicial processes are "functionally comparable" to the role of a judge in a judicial proceeding are entitled to absolute immunity. *Butz,* 438 U.S. at 513. In other words, a functional approach is used to determine whether absolute or qualified immunity applies. *Forrester v. White,* 484 U.S. 219, 224 (1988). Under the functional approach, the key question in determining the entitlement to quasi-

judicial immunity is not the party's particular position or status but the nature of the party's responsibilities within the administrative process. *Id. See also Butz,* 438 U.S. at 511.

Probation and parole officers are entitled to absolute immunity when "they are engaged in adjudicatory duties." *Mills v. Martinez*, No. 1: CV-04-0871, 2008 WL 763579, at *4 (M.D. Pa. Mar. 20, 2008) (quoting *Wilson v. Rackmill*, 878 F.2d 772, 775-76 (3d Cir. 1989)) (internal quotation marks omitted). But "[i]f a parole or probation officer acts in an executive, administrative, or investigative capacity, he or she only is entitled to a qualified good faith immunity." *Id.* The distinction between an executive and administrative action versus an adjudicatory action is not always clear. *Id.* Courts have recognized, however, that parole officials are entitled to absolute immunity when they engage in the following: "(1) hearing evidence; (2) making recommendations as to whether to parole a prisoner; or (3) making decisions whether to grant, revoke or deny parole." *Id.* (citing *Breslin v. Brainard*, No. 01-CA-7269, 2002 WL 31513425, at *7 n. 10 (E.D. Pa. 2002)).

"Courts determine whether parole officials were acting in a judicial or executive capacity by examining the allegations of the complaint." *Id.* at 5 (quoting *Wilson*, 878 F.2d 772, 775-76). After reviewing the facts presented in the complaint and the inferences to be drawn therefrom in the light most favorable to Alex, we find that Alex only alleges that the defendants rescinded his parole and

subsequently denied him parole. These actions constitute adjudicatory duties for which the defendants are entitled to absolute immunity. Accordingly, we conclude that Alex's claims are barred by absolute immunity, and such claims should be dismissed with prejudice. As a result, we will not address the defendants' other arguments in their brief in support of the motion to dismiss.

## IV.   Recommendations.

Accordingly, for the foregoing reasons, it is recommended that the defendants' motion to dismiss (*doc*. 37) be granted.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th  day of November, 2015.

                                                            **<u>S/Susan E. Schwab</u>**
                                                            Susan E. Schwab
                                                            United States Magistrate Judge